IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUFFALO PATENTS, LLC, )<br>)<br>　　　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>LOGMEIN, INC., GOTO GROUP, INC. )<br>and GOTO TECHNOLOGIES UDS, INC. )<br>F/K/A LOGMEIN USA, INC., )<br>)<br>　　　　　　Defendants. ) | C.A. No. 22-1333 (MN) |

**ORDER**

At Wilmington this 2nd day of August 2023:

Presently before the Court is Defendants' motion to dismiss Count I of the First Amended Complaint (D.I. 13) on the grounds that claim 38 – the only asserted claim of U.S. Patent No. 6,839,417 ("the '417 Patent") – is patent ineligible under 35 U.S.C. § 101. (D.I. 18). The parties have represented that "[t]he Court's decision on [Defendants'] Motion to Dismiss will resolve the above-captioned matter in its entirety" and will result in dismissal of the case. (D.I. 20 at 2). The parties have also waived any claim to costs and attorneys' fees, as well as the right to appeal. (*Id.*). During a call with the Court on June 1, 2023, Plaintiff further represented that this case is the only one in which the '417 Patent is being asserted.

I.   **LEGAL STANDARDS**

　　A.   **Motion to Dismiss for Failure to State a Claim**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations

1

that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[P]atent eligibility can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

      **B.**      **Patent-Eligible Subject Matter**

Section 101 of the Patent Act provides that anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. The Supreme Court has recognized three exceptions to the broad categories of subject matter eligible for patenting under § 101: laws of nature, physical phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). These exceptions "are 'the basic tools of scientific and technological work' that lie beyond the domain of patent protection." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77-78 (2012)); *see also Alice*, 573 U.S. at 216. A claim to any one of these exceptions is directed to ineligible subject matter under § 101. "[W]hether a claim recites patent eligible subject matter is a question of law which may contain underlying facts." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

Courts follow a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 573 U.S. at 217; *see also Mayo*, 566 U.S. at 77-78. First, at step one, the Court determines whether the claims are directed to one of the three patent-ineligible concepts. *Alice*, 573 U.S. at 217. If the claims are not directed to a patent-ineligible concept, "the claims satisfy § 101 and [the Court] need not proceed to the second step." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018). If, however, the Court finds that the claims at issue are directed to a patent-ineligible concept, the Court must then, at step two, search for an "inventive concept" – *i.e.*, "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 573 U.S. at 217-18 (alteration in original) (quoting *Mayo*, 566 U.S. at 72-73).

        1.      Step One of the *Alice* Framework

At step one of *Alice*, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015); *see also Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) (step one looks at the "focus of the claimed advance over the prior art" to determine if the claim's "character as a whole" is to ineligible subject matter). In addressing step one of *Alice*, the Court should be careful not to oversimplify the claims or the claimed invention because, at some level, all inventions are based upon or touch on abstract ideas, natural phenomena, or laws of nature. *Alice*, 573 U.S. at 217; *see also McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016). "At step one, therefore, it is not enough to merely identify a patent-ineligible concept underlying the claim; [courts] must determine whether that patent-ineligible concept is what the claim is 'directed to.'" *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016).

### 2. Step Two of the *Alice* Framework

At step two of *Alice*, in searching for an inventive concept, the Court looks at the claim elements and their combination to determine if they transform the ineligible concept into something "significantly more." *Alice*, 573 U.S. at 218; *see also McRO*, 837 F.3d at 1312. This second step is satisfied when the claim elements "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Berkheimer*, 881 F.3d at 1367 (citation and internal quotation marks omitted); *see also Mayo*, 566 U.S. at 73. "The inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art. . . . [A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016). Whether claim elements or their combination are well-understood, routine, or conventional to a person of ordinary skill in the art is a question of fact. *Berkheimer*, 881 F.3d at 1368.

At both steps of the *Alice* framework, courts often find it useful "to compare the claims at issue with claims that have been considered in the now considerably large body of decisions applying § 101." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, No. 17-965-LPS-CJB, 2018 WL 4660370, at *5 (D. Del. Sept. 28, 2018) (citing *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016)); *see also Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016).

## II. DISCUSSION

Claim 38 of the '417 Patent recites:

> A method for a selecting participant to access a conference call, comprising the steps of:
>
> providing to the selecting participant a list of conference call data representing a subset of conference calls available,

4

> receiving from the selecting participant a designation of the conference call from the list,
>
> granting access to the selecting participant into the conference call as a participant.

The Court will address each step of the *Alice* inquiry as applied to claim 38 in turn.

### A. *Alice* Step One

Defendants contend that claim 38 is directed to "the age-old and abstract idea of providing an individual a list of information for selection, receiving a selection from the list, and enabling the individual to take some action – something every college student has done since time-immemorial when registering for his or her classes ("conferences")." (D.I. 19 at 7). In short, according to Defendants, claim 38 is directed to a method of organizing human activity, which is consistently found to be ineligible under § 101.

Plaintiff argues that Defendants ignore the limitations of the claim referencing conference calls and asserts that the claim focuses "on improving computer technology for managing conference calls." (D.I. 25 at 6). It is wholly unclear, however, what improvement to technology is captured by claim 38. Indeed, although Plaintiff purports to cite to the specification, there is no explanation as to how the generically recited "providing," "receiving" and "granting" steps of the claim cover any such improvements to prior conference call technologies.

Ultimately, the Court agrees with Defendants that this case is analogous to *NetSoc, LLC v. Match Group, LLC*, 838 F. App'x 544 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2758 (2021), where the Federal Circuit concluded that claims covering social network messaging directed to "maintaining a list comprising a plurality of participants," "presenting a user with an interface from which the user makes a selection," "displaying, for the user, some of the information associated with each of multiple participants from the plurality of participants [in response to user

5

selection]," and "enabling the user to send an inquiry message to one or more of the multiple participants [i.e., granting access]" were directed to an abstract idea because they were "automating the conventional establishment of social networks to allow humans to exchange information and form relationships" and, further, that such establishment of a social network was an abstract idea "pertaining to methods of organizing human activity." 838 F. App'x at 547-48. As in *NetSoc*, when viewed as a whole, claim 38 here is focused on organizing human activity in the context of conference calls. Claim 38 is thus directed to an abstract idea because it is nothing more than a claim directed to automating conventional human activity on conference calls.

### B. *Alice* Step Two

Turning to Step 2 of *Alice*, Defendants argue that there is no inventive concept because the "claim only recites the abstract idea without reciting ***any*** generic telecommunications or computer technology" and "the inventors were clear that their alleged invention could be practiced on any conventional conference calling system" and there is nothing "inventive" about using off-the-shelf components and well-known tools to enable a human being to access a telephone call. (D.I. 19 at 16). Plaintiff counters that "each [claimed method] step requires both hardware and software" when read "in light of the specification." (D.I. 25 at 15).

To save the claim from abstraction at step two of *Alice*, there must be some claim element or ordered combination of elements that transforms the ineligible concept into something "significantly more." *Alice*, 573 U.S. at 218. At this step, the Court evaluates whether the claim elements or their ordered combination amount to more than what was previously known in the industry to be routine, conventional or well understood. *Berkheimer*, 881 F.3d at 1367; *see also Mayo*, 566 U.S. at 73. Although Plaintiff argues that claim 38 of the '417 Patent requires hardware and software for the method to be implemented, there is actually no reference to – let alone requirement for – any hardware component at all. The same is true for software. Other than a

6

passing reference to a "conference call," claim 38 recites no technology at all.  As the Supreme Court made clear in *Alice*, "an instruction to apply the abstract idea [] using some unspecified, generic computer is not 'enough' to transform an abstract idea into a patent-eligible invention." *Alice*, 573 U.S. 225-26 (cleaned up).  In the Court's view, claim 38 does not even rise to the level of what was found insufficient in *Alice*.  Stated differently, there is no technology – generic or otherwise – recited in claim 38.  Therefore, the Court ultimately agrees with Defendants that nothing in the claim elements or their ordered combination provides an inventive concept sufficient to save claim 38 from abstraction.  The claim is impermissibly directed to a method of organizing human activity on a conference call and must fall under § 101.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' motion (D.I. 18) to dismiss Count I of the First Amended Complaint is GRANTED.  IT IS FURTHER ORDERED that, on or before August 9, 2023, the parties shall submit a JOINT proposed form of judgment or stipulated dismissal given that, pursuant to the parties' representations, this Order resolves the above-captioned matter in its entirety.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge